___



SO ORDERED,

**Judge Jason D. Woodard**

United States Bankruptcy Judge

The Order of the Court is set forth below. The case docket reflects the date entered.
___

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| In re: ) | |
| ) | |
| VERNON L. GRAY, ) | Case No.:  18-12760-JDW |
| ) | |
| Debtor. ) | Chapter 13 |

### ORDER ON OBJECTION TO PROOF OF CLAIM OF SOUTHERN BANCORP BANK (DKT. # 14) AND OBJECTION TO CONFIRMATION (DKT. # 19)

This matter came before the Court for hearing on January 8, 2019 on the *Objection to Proof of Claim of Southern Bancorp Bank* (the "Objection to Claim") (Dkt. # 14) filed by Vernon L. Gray (the "Debtor") and the *Objection to Confirmation* (Dkt. # 19) filed by Southern Bancorp Bank (the "Bank").  At the hearing, the parties advised the Court that they wished to waive their right to an evidentiary hearing and instead submit stipulated facts (the "Stipulation") (Dkt. # 38).  The parties were aware that if they chose to proceed in this manner, the Court's fact-finding would be limited to the parties' submission and any obvious inferences the Court might draw from it.  An order was entered confirming the agreement between the parties and setting a briefing

1

schedule. (Dkt. # 34, 36). The Court has considered the pleadings, the facts, the briefs, and the law, and concludes that the Debtor's *Objection to Proof of Claim of Southern Bancorp Bank* (Dkt. # 14) is due to be overruled and the Bank's *Objection to Confirmation* (Dkt. # 19) is due to be sustained.

## I.    JURISDICTION

This Court has jurisdiction pursuant to 28 USC §§ 151, 157(a) and 1334, and the *United States District Court for the Northern District of Mississippi's Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 6, 1984. This is a core proceeding as set forth in 28 USC § 157(b)(2)(A), (B), (L), (O).

## II.    STIPULATED FACTS

The following facts are undisputed and stipulated by the parties.[1] (Dkt. # 38).

1. Attached is a copy of the proof of claim (Clm. # 1-1) filed by the Bank on August 15, 2018, which is to be admitted by agreement as Exhibit "1".

2. Attached is a copy of the Exhibit to the Bank's proof of claim (Clm. # 1-1) which is to be admitted by agreement as Exhibit "2".

3. Attached is a copy of the pleadings filed in behalf of the Bank and in behalf of the Debtor in Cause Number 14-CO-17-0194 in the County Court of Coahoma County, Mississippi along with the Certificate of the Circuit Clerk stating that the attachment

---

[1] The stipulation is reproduced herein verbatim and in its entirety, excluding exhibits.

    contains all the documents filed in said cause, which is to be admitted by agreement as Exhibit "3".

4. The suit filed in by the Bank in the County Court of Coahoma County, Mississippi was never tried.

5. The statements attached to the Bank's proof of claim are itemized below showing the fees and costs charged:

   a) Meador & Crump bill dated August 1, 2017 reflecting fees and costs of $1,145.70. along with a notation of a prior bill of $1,595.73, which is not attached to the proof of claim.

   b) Meador & Crump bill dated September 30, 2017 reflecting fees of $475.00.

   c) Meador & Crump bill dated October 31, 2017 reflecting fees and costs of $1,545.50.

   d) Meador & Crump bill dated November 30, 2017 reflecting fees of $425.00.

   e) Meador & Crump bill dated January 31, 2018 reflecting fees of $175.00.

   f) Meador & Crump bill dated May 29, 2018 reflecting fees of $400.00.

   g) Meador & Crump bill dated May 31, 2018 reflecting fees of $875.00.

   h) Meador & Crump bill dated May 29, 2018 reflecting fees and costs of $2,144.15.

   i) Meador & Crump bill dated August 1, 2018 reflecting costs of $45.48.

6. All Meador & Crump attorney fees and expenses were incurred prior to the filing of this bankruptcy.

7. The Debtor did not schedule the Bank's debt as contingent, unliquidated or disputed.

8. The Bank's claim is oversecured.

9. The Note matured on August 4, 2016. The Debtor did not pay the balance of the Note due at maturity and the Note remains unpaid.

## III. ADDITIONAL FACTS

There are facts not listed in the Stipulation that are obvious and necessary for a full understanding of the objections. The exhibits attached to the Stipulation give more structure to a timeline that appears to be beyond dispute and essential to a thorough analysis of the issues raised in the objections.

This is a simple debt collection action. On May 15, 2017, the Bank sent the Debtor a demand letter notifying him that the loan secured by his real property was delinquent. (Dkt. # 14, pg. 7). The Bank then sued the Debtor to collect on the note, in the County Court of Coahoma County, Mississippi, on July 31, 2017. (Dkt. # 38, pg. 40-63). The case progressed through discovery and a trial date was set for June 21, 2018. (Dkt. 38, pg. 62). On June 20, 2018, the day before trial, an *Order Granting Sua Sponte Motion to Withdraw* was entered by the state court allowing Debtor's counsel to withdraw. (Dkt. # 38, pg. 63). At that point, it appears the Bank elected to pursue foreclosure of the real property securing the loan. Before the foreclosure could be completed or

the case re-set and tried, the Debtor filed his bankruptcy petition on July 18, 2018. (Dkt. # 1).

## IV. CONCLUSIONS OF LAW

"When a debtor declares bankruptcy, each of its creditors is entitled to file a proof of claim—*i.e.*, a document providing proof of a 'right to payment,' 11 U.S.C. § 101(5)(A)—against the debtor's estate." *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 449 (2007). The process by which a claim is first filed, and then allowed or disallowed, is governed primarily by sections 501 and 502 of Title 11 of the United States Code,[2] as well as the Federal Rules of Bankruptcy Procedure.

### A. Filing a Proof of Claim

Section 501 of the Bankruptcy Code governs the filing of a proof of claim, and provides that a creditor, debtor, or the trustee may file a proof of claim. 11 U.S.C. § 501. "Although the filing of a proof of claim may be a prerequisite to the allowance of certain claims, no creditor is required to file a proof of claim." *Simmons v. Savell (In re Simmons)*, 765 F.2d 547, 551 (5th Cir. 1985); *accord Matter of Parker*, 655 Fed. Appx. 993, 995 n. 7 (5th Cir. 2016). In a chapter 13 case such as this, the trustee makes distributions under a confirmed plan only to creditors whose claims have been allowed. FED. R. BANKR. P. 3021;

---

[2] All statutory references are to Title 11, United States Code (the "Bankruptcy Code") unless otherwise noted.

*Rushmore Loan Mgmt. Sevs. v. Mason (In re Mason)*, 2017 WL 394344, at *8 (Bankr. S.D. Miss. 2017). Should a creditor decide to file a proof of claim, Bankruptcy Rule 3001 outlines the essentials of that proof of claim. "[A] proof of secured claim should be filed in writing, executed by the creditor or the creditor's authorized agent, and should be accompanied by the writing on which the secured claim is based and by evidence that the security interest has been perfected." *Simmons*, 765 F.2d at 551; *see also* MISS. BANKR. L. R. 3001-1 (regarding secured and transferred claims). Here, the Bank's Proof of Claim includes all the requisite supporting documents. (Claim # 1-1).

Rule 3001 further provides that "[a] proof of claim executed and filed in accordance with [the Federal Rules of Bankruptcy Procedure] shall constitute prima facie evidence of the validity and amount of the claim." FED. R. BANKR. P. 3001(f). The actual "allowance" of a claim, for which proper proof has been filed under § 501, is a question to be decided under § 502. As explained by the Court of Appeals for the Fifth Circuit, "§ 501 gives certain parties the substantive right to file a proof of claim, and § 502 provides for an analysis of the merits of the claim filed in accordance with § 501." *U.S. v. Waindel (In re Waindel)*, 65 F. 3d 1307, 1313 (5th Cir. 1995). Section 502(a) provides, in relevant part, that a claim filed under § 501 "is deemed allowed unless a party in interest . . . objects." 11 U.S.C. § 502(a).

### B. Objecting to a Proof of Claim

Pursuant to § 502(a), a party in interest may object to allowance of a claim filed under § 501. After an objection is filed, the court shall determine the amount of the claim as of the petition date and "the court 'shall allow' the claim 'except to the extent that' the claim implicates any of the nine exceptions enumerated in § 502(b)." *Travelers*, 549 U.S. at 449. It is well-settled that a debtor qualifies as a party in interest for purposes of objecting to a proof of claim. *Internal Revenue Serv. v. Taylor (In re Taylor)*, 132 F.3d 256, 261 (5th Cir. 1998). Rule 3007 governs the technical requirements for filing an objection to claim, providing that, "[a]n objection to the allowance of a claim and a notice of objection that substantially conforms to the appropriate Official Form shall be filed. . . ." FED. R. BANKR. P. 3007(a). Further, the Uniform Local Rules United States Bankruptcy Courts Northern and Southern Districts of Mississippi (the "Local Rules") provide that an objection to claim shall include, *inter alia*, the basis for the objection and the amount of the claim, if any, to which there is no objection. MISS. BANKR. L. R. 3007-1.

"The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times." *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3rd Cir. 1992); *accord In re Bates*, 570 B.R. 757, 763 (Bankr. W.D. Tex. 2017). Given that a properly executed and filed proof of claim constitutes prima facie evidence of the validity and amount

7

of the claim, a party objecting to that claim bears the initial burden of rebutting that evidence. *Cal. State Bd. of Equalization v. Official Unsecured Creditors Comm. (In re Fidelity Holding Co., Ltd.)*, 837 F.2d 696, 698 (5th Cir. 1988); *In re 804 Congress, L.L.C.*, 529 B.R. 213, 219 (Bankr. W.D. Tex. 2015). "The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by *substantial evidence*." *Juniper Dev. Grp. v. Kahn (In re Hemingway Transp., Inc.)*, 993 F.2d 915, 925 (1st Cir. 1993) (emphasis in original). If a party objects, "it is his burden to present enough evidence to overcome the prima facie effect of the claim." *O'Connor*, 153 F.3d at 260 (cited in *Carrieri v. Jobs.com Inc.*, 393 F.3d 508, 533 (5th Cir. 2004)). "In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *Allegheny Int'l, Inc.*, 954 F.2d at 173-74.

An objecting party must provide the court with evidence above and beyond the blanket assertion of an objection. "The mere filing of an objection does not satisfy this requirement. Furthermore, a litigant who fails to support a point with appropriate authority or fails to show why the point is sound despite a lack of supporting authority loses the point." *In re Wilkinson*, 175 B.R. 627, 628 (Bankr. E.D. Va. 1994) (internal citations omitted).

Only after the objecting party meets this initial burden does the ultimate burden of proof shift to the creditor-claimant. *In re Gulfport Pilots Ass'n, Inc.*,

434 B.R. 380, 388 (Bankr. S.D. Miss. 2010) (citing *Matter of Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988)). "If the debtor succeeds in producing sufficient rebuttal evidence, the burden of going forward shifts back to the claimant who bears the ultimate burden of persuasion to establish the validity and amount of its claim by a preponderance of the evidence." *In re Taylor*, 2013 WL 1276507, at *5 (Bankr. N.D. Miss. 2013).

### C. Debtor's Objections to Bank's Proof of Claim

The Debtor has asserted two objections to the Bank's proof of claim, both of which are ostensibly grounded in § 502(b)(1). First, the Debtor claims that the Bank is not entitled to attorney's fees for the "legal action that was never concluded." (Dkt. # 40, pg. 4). Second, and alternatively, the Debtor objects to specific time entries.

#### 1. *Election of Remedies*

The Debtor first argues that it was unreasonable for the Bank to file suit against the Debtor. He contends that the Bank should have instead initiated foreclosure and foregone its suit for a money judgment. The Debtor claims that he would have contacted a bankruptcy attorney sooner and could have paid less in attorney's fees had the Bank sought foreclosure instead of suing first.[3] This argument has no merit.

---

[3] Of course, the Debtor could have filed bankruptcy when the state court suit was filed and achieved the same result.

9

Some states have a "one action" rule forcing a creditor to either sue for a money judgment or foreclose/repossess its collateral. *See, e.g.,* UTAH CODE ANN. § 78B-6-901 (West 2018); NEV. REV. STAT. § 40.430 (West 2017); *Agility Funding, LLC v. Wilmington Trust Nat. Ass'n*, 66 N.Y.S.3d 1036, 1042 (N.Y. Sup. Ct. 2019). Other states have a "security first" rule, which requires creditors to foreclose on their collateral before seeking a deficiency judgment. *See, e.g.,* N.J. STAT. ANN. § 2A:50-2 (West 2019).

Mississippi follows neither rule. The Mississippi Supreme Court has explicitly held that a mortgagee may pursue both a lawsuit to collect its debt and foreclosure at the same time:

> There is no inconsistency in the two remedies here available to Rea, receiver. He could pursue the foreclosure to conclusion, or, if he deemed it advantageous to himself, he could forego the foreclosure and proceed at law to collect his debt in the law forum. . . There is no inconsistency between the legal and equitable remedial rights possessed by a mortgagee in case of a breach, and he may exercise them all at the same time, and resort to one is not a waiver of the other.

*Rea v. O'Bannon*, 171 Miss. 824, 832 (1935); *accord Knight Properties, Inc. v. State Bank & Trust Co.*, 77 So.3d 491 (Miss. Ct. App. 2011). Additionally, the deed of trust, attached to the Stipulation, provides:

> Election of Remedies: Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Grantor under this Deed of Trust, after Grantor's failure to perform, shall not affect Lender's right to declare a default and exercise its remedies.

(Dkt. # 38, pg. 16). Thus, both Mississippi law and the parties' contract allow the Bank to pursue all of its remedies, in any order. The Debtor does not have the right to dictate the Bank's collection strategy.

### 2. Reasonableness of Certain Fees

The Debtor also objects to certain time entries in the bills attached to the Stipulation as unreasonable. The Debtor did not indicate why each entry was unreasonable. In the Objection to Claim, he simply stated that he "does dispute the following" and then listed several time entries. While the objection is couched as though it applies to specific time entries, it is in fact a blanket objection to most of the fees.

As stated above, to shift the burden of proof back to the Bank, the Debtor must present "substantial evidence" to support his objection. *Hemingway*, 993 F.3d at 925. A mere assertion of an objection – without substantial supporting evidence or really an argument as to why the fees are unreasonable – does not shift the burden of proof back to the Bank. *Wilkinson*, 175 B.R. at 628. The Debtor did not offer any evidence, or even an explanation, to support his objection to the listed fees. While he did specifically object to a carryover of a previous balance, the fee statements attached to the Stipulation clearly show that the previous balance was paid prior to the issuance of the statements and was not included in the Bank's claim. (Dkt. # 38, pg. 39). The Debtor's blanket objection lacks specificity and he has not met the standard for shifting the

burden back to the Bank. *Wilkinson*, 175 B.R. at 628. The Objection to Claim is due to be denied.

### 3. *Independent Review*

Although the Debtor's Objection to Claim is unsupported, attorney's fees are still subject to the Court's independent review for reasonableness. Where an award of attorney's fees is based on substantive state law, then state law governs the reasonableness of that award. *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) ("State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision."). The promissory note and deed of trust in this case are governed by Mississippi law.[4] *See e.g., Hometown Credit LLC v. Peters (In re Peters)*, 2017 WL 1173597, at *2 (Bankr. S.D. Miss. 2017).

In Mississippi, the proper procedure for analyzing a fee request is to determine a "reasonable fee, based on the number of hours reasonably expended on the litigation, multiplied by a reasonable hourly rate" then "consider [ ] the eight factors enumerated in [the Mississippi Rules of

---

[4] In most cases in Mississippi, whether state or federal law applies is immaterial because the lodestar method and the *Johnson* factors applied by federal courts are "almost identical" to those applied by the Mississippi Supreme Court and enumerated in Rule 1.5 of the Mississippi Rules of Professional Conduct. *See Mauck v. Columbus Hotel Co.*, 741 So.2d 259, 272 (Miss. 1999); *Ill. Cent. R.R. Co. v. Harried*, 2011 WL 283925, at *7 (S.D. Miss. 2011) (holding that "though Mississippi law governs the amount of the fee award here, because the factors considered under state and federal law are nearly identical, both state and federal cases are instructive.").

Professional Conduct] Rule 1.5. . . ." *In re Estate of Gillies*, 830 So.2d 640, 646 (Miss. 2002). The eight factors are:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) The fee customarily charged in the locality for similar legal services;

(4) The amount involved and the results obtained;

(5) The time limitations imposed by the client or by the circumstances;

(6) The nature and length of the professional relationship with the client;

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) Whether the fee is fixed or contingent.

MISS R. PROF'L CONDUCT 1.5(a). Individual consideration of each factor has never been specifically required. *Peters,* 2017 WL 1173597, at *3 (citing *BellSouth Pers. Commc'n LLC v. Bd. of Supervisors of Hinds Cnty.*, 912 So.2d 436, 446 (Miss. 2005)). "It is well settled [in Mississippi] that what constitutes a reasonable attorney's fee rests within the sound discretion of the trial court . . . ." *MGM Resorts Miss., Inc. v. ThyssenKrupp Elevator Corp.*, 2015 WL 5178122, at *1 (N.D. Miss. 2015) (citing *Mauck v. Columbus Hotel Co.*, 741 So.2d 259, 269 (Miss. 1999)).

13

The underlying case is a simple debt collection action followed by the pursuit of a foreclosure. The Stipulation did not indicate that this case presented a novel question, required an inordinate amount of time, or that an excessive amount of time was expended. The Stipulation did not show that the acceptance of the employment precluded other employment. The fee was a fixed hourly rate of $250, which is in line with the fee customarily charged in this locality for similar services. The Stipulation did not include any information about the outcome of this representation. The Stipulation did not mention any time limitations, the nature or length of the professional relationship, or the experience, reputation, or ability of the lawyers who performed the services.

Although the Debtor failed to shift the burden as to the specific time entries, a review makes clear that the total billed time was reasonable. For example, on July 25, 2017, the attorney for the Bank spent 2 hours for a phone conference and to prepare and revise the complaint, summons, civil cover sheet, and a cover letter. On September 7, 2017, he spent 1.9 hours on 8 emails and 1 phone conference. On November 7, 2017 through November 28, 2017, he spent 1.7 hours on 7 emails and 2 phone conferences. On January 9, 2018 through January 18, 2018, he spent .7 hours for 2 emails and 2 phone conferences. On April 3, 2018 through May 18, 2018, he spent 3.5 hours on 10 emails, 2 phone conferences, and preparing a proposed order. These are

reasonable amounts of time spent on the tasks listed. The hourly fee and the amount of time spent were reasonable and customary for this locality.[5]

The Bank has claimed $6,451.04 in prepetition attorney's fees in its brief and proof of claim. The invoices attached to the Stipulation total $6,432.00, a $19.04 discrepancy. Notwithstanding that all of the Debtor's objections are due to be overruled, the claim is due to be reduced by $19.04. Accordingly, it is

ORDERED, ADJUDGED, and DECREED that the Debtor's Objection to Proof of Claim of Southern Bancorp Bank (Dkt. # 14) is OVERRULED and the Bank's Objection to Confirmation (Dkt. # 19) is SUSTAINED. The Debtor must **amend the plan within ten (10) days, failing which this case will be dismissed.** The Bank's Claim is REDUCED by $19.04.

##END OF ORDER##

---

[5] While two of the entries read "Preparation of summary of legal fees and expenses" this was not billing for billing, but billing for the preparation of evidence to support a fee request, which is allowed. *Baker Botts L.L.P. v. ASARCO LLC*, 135 S.Ct. 2158, 2167 (2015).